JM:MLY
F.#2011R01068

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**M-11-645**

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

GARY FOSTER,

           Defendant.

- - - - - - - - - - - - - - - X

TO BE FILED UNDER SEAL

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF APPLICATION
FOR ARREST WARRANT

(18 U.S.C. § 1344)

EASTERN DISTRICT OF NEW YORK, SS:

    THOMAS D'AMICO, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such.

    Upon information and belief, there is probable cause to believe that in or about and between May 2009 and December 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant GARY FOSTER did knowingly and intentionally execute and attempt to execute a scheme and artifice to defraud Citigroup, Inc., a financial institution ("Citigroup") and to obtain moneys, funds, assets and other property owned by, and under the custody and control of, Citigroup by means of materially false and fraudulent pretenses, representations and promises.

    (Title 18, United States Code, Section 1344.)

The source of my information and the grounds for my belief are as follows[1]:

1. I have been employed as a Special Agent with the FBI for over four years, and am currently assigned to a white collar crime squad. I am one of the case agents with primary responsibility for this investigation. While working for the FBI, I have participated in numerous investigations of criminal activity, including bank fraud, securities fraud, money laundering schemes, and other types of schemes. During the course of these investigations, I have analyzed voluminous bank records, including bank statements and wire transfers.

2. I am familiar with the information contained in this affidavit based on my personal participation in the investigation, my review of documents, my training and experience, my discussions with other law enforcement personnel, and my interview of employees of the victim bank. Additionally, statements herein attributable to individuals are set forth in substance and in part.

---

[1] Because the purpose of this affidavit is only to establish probable cause to arrest the defendant, I have not included each and every fact known to me concerning this investigation.

## THE SCHEME TO DEFRAUD

3. GARY FOSTER orchestrated a scheme to defraud Citigroup, Inc. by causing Citigroup's money to be wired to his own personal bank account at JPMorgan Chase, N.A. ("Chase"). As a result of FOSTER's fraud, he obtained over $19 million from Citigroup, the deposits of which are insured by the Federal Deposit Insurance Corporation.

4. During the relevant time period, FOSTER was a vice president in Citigroup's internal treasury finance department who supervised the department's derivatives unit. FOSTER worked out of Citigroup's building in Long Island City, New York. The treasury finance department exists to fund loans and other business transactions inside Citigroup. In support of that function, the department processes wire transactions between Citigroup entities.

5. I have reviewed bank records showing that from May 2009 through December 2010, FOSTER caused approximately $19,209,955 to be wired from Citigroup's accounts to his personal bank account at Chase. The bank records I have reviewed include statements for FOSTER's personal account at Chase and the wire transfers that FOSTER caused to be sent from Citigroup.

6. FOSTER moved money out of the bank by causing money to be deducted from various Citigroup accounts, added to

Citigroup's cash account, and then wired from Citigroup's cash account to his personal account at Chase.

7. For example, between July 2010 and December 2010, FOSTER caused approximately $900,000 to be moved from Citigroup's interest expense account and approximately $14.4 million from Citigroup's debt adjustment account to the bank's cash account. FOSTER caused the money to be wired out of Citigroup's cash account to his personal account at Chase in eight separate wire transfers. I have reviewed documents relating to these eight transfers.

8. FOSTER caused one of these eight wire transfers from Citigroup to be sent to his Chase account on November 8, 2010. The transfer was in the amount of $3,900,000. In this transfer, FOSTER caused the money to be moved from a Citigroup account in Baltimore, Maryland to FOSTER's personal account at Chase in New York, New York.

9. A Citigroup investigator has told me that FOSTER's wire transfers to his personal Chase account went unnoticed until a recent internal audit of Citigroup's treasury department.

10. The bank records I have reviewed indicate that FOSTER was listed as the point of contact on all the wire transfers made to his personal account between May 2009 and December 2010. This meant that he would be contacted directly

if problems occurred with the wire transfers. FOSTER caused a fraudulent contract or deal number to be placed in the reference line of the wire transfer instructions to give the appearance that the wires were in support of an existing contract. Citigroup has verified that the contract numbers associated with FOSTER's wire transfers are not related to any legitimate Citigroup contracts or deals.

## CONCLUSION

WHEREFORE, I respectfully request that the defendant GARY FOSTER be dealt with according to law. Furthermore, I respectfully request that this affidavit be filed under seal.

THOMAS J. D'AMICO
Special Agent
Federal Bureau of Investigation

Sworn to before me this
23rd day of June, 2011.

UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK